## Joseph O. Rutter
### v.
## William E. Hall et al.

*Administration—Principal and Surety—Secret Agreement—Discharge of Surety.*

1. The doctrine that the judgment of the county or probate courts against an administrator is conclusive on the sureties on his bond, has no application where they have been discharged through some secret arrangement between such officer and the parties in interest.

2. A secret agreement between the distributees of an estate and the administrator thereof, that the latter may use its funds in his private business, will operate to discharge the sureties upon his bond.

[Opinion filed April 3, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Mr. C. Beckwith, for appellant.

Messrs. Gartside & Leffingwell, for appellees.

Garnett, P. J.   Henry S. Austin having been on January 8, 1877, appointed by the Probate Court of Cook County administrator of the estate of Henry L. Hall, deceased, Joseph O. Rutter and Matthew S. Baldwin became sureties on his bond.

The distributees of Hall's estate, without the knowledge or consent of Rutter, agreed with Austin that he might use the funds of the estate to carry on some of his private business, which he did, and the funds were thereby lost. All of the distributees were of age when the agreement was made, except William and Albert H. Kammerling. In a statement of account with Austin, as administrator, on October 22, 1886, the Probate Court fixed the amount due from him to the estate at $6,500, ordered him to pay the same, removed him

from office, appointed William E. Hall, one of the distributees, administrator *de bonis·non*, and the latter then commenced an action on the bond against Austin, Rutter and Baldwin for $10,000. Baldwin, being insolvent, and Rutter having fully settled with William L. Kammerling, filed his bill against the administrator and the distributees, setting up the facts here recited, and therein offered to pay Albert Kammerling such sum as the court should find due to him. A temporary injunction having been granted on the prayer of the bill the administrator *de bonis non* filed his general demurrer, which was sustained by the court for want of equity in the bill, the bill was dismissed and damages assessed on dissolution of the injunction. Rutter appealed, and having since died, his executrix has been substituted as appellant in this court.

The case involves only the respective rights of the estate of Rutter, and the distributees who were capable of binding themselves by the arrangement made with Austin. The decree of the court below rests on the authority of Ammons v. People, 11 Ill. 6 ; Ralston v. Wood, 15 Ill. 168 ; Housh v. People, 66 Ill. 179, and Brooks v. People, 15 Ill. App. 570 ; those cases holding that the judgment of the county or probate courts against a guardian or administrator was conclusive on the sureties on the bond. The binding force of these authorities is not denied, but they all proceed upon the supposition that there *is* in law a surety, and none of them decide that the liability of a surety, who has once been discharged, is revived by the judgment. Whether there *is* a surety or not is not a question the Probate Court considered when stating an account with the administrator. If, for any reason, there was no surety, the duty of that court would be to proceed to judgment against its delinquent officer alone. But its judgment in such case does not create a surety, or if the surety has been discharged the judgment can not revive his liability.

The question here, between the estate of the surety and the adult distributees, is whether Rutter was, in law, a surety on Austin's bond, after the secret arrangement by which the

money of the estate was lost. With that question neither the judgment of the Probate Court nor the statute (Sec. 115, Chap. 3) pretends to deal.

It is familiar law that a secret agreement between the creditor and principal debtor, which is prejudicial to the surety, operates to discharge the latter from his contract. Brandt on Suretyship and Guaranty, Sec. 345.

The decree is reversed and remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*